CAUSE NO. 20-4989-442

| | | |
|---|---|---|
| ADELA KNIGHT, DAN LEWALLEN, PAUL MEYER, ZHIHONG TANG, and MICHAEL WU, § § § | | IN THE DISTRICT COURT |
| Plaintiffs, § § | | |
| v. § § | | |
| ROBINSON RIDGE HOMEOWNERS' ASSOCIATION, INC., ALEX ROMERO, BEN (BENITO) GONZALEZ, KACIE PACKER, KIM RIVERS, a/k/a KIMBERLY S. WILSON, CANDISS YOUNG, and 4CSONS GROUP, LLC, d/b/a 4SIGHT PROPERTY MANAGEMENT, § § § § § § § § | | 422TH JUDICIAL DISTRICT |
| Defendants. § | | DENTON COUNTY, TEXAS |

## DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kim Rivers, a/k/a Kimberly S. Wilson, Candiss Young and 4CSons Group, LLC, d/b/a 4Sight Property Management, Defendants in the above-styled and numbered cause, and file this their First Amended Answer and would respectfully show unto this Honorable Court the following:

I.

Defendants deny each and every, all and singular, material allegation made against them in this cause, demand strict proof thereof, and of this put themselves upon the country.

II.

Pleading further, Defendants would show that the challenged practice which

Plaintiffs contend violate the Fair Housing Act was necessary to achieve one or more substantial, legitimate, nondiscriminatory interests.

### III.

Pleading further, Defendants would show that their alleged conduct, if any, was based on the exercise of their legal rights or a good-faith claim to colorable legal right and, therefore, assert the affirmative defense of justification and the affirmative defense of qualified privilege.

### IV.

Pleading further, Defendants Romero, Gonzalez, Packer, Rivers, and Young would show that they are entitled to immunity pursuant to Section 22.235 of the Texas Business Organizations Code.

### V.

Pleading further, Defendants Romero, Gonzalez, Packer, Rivers, and Young would show that they are entitled to immunity pursuant to Chapter 84 of the Texas Civil Practice and Remedies Code.

### VI.

Defendants deny that they are liable but plead, in the alternative, that the limitation of liability provision set forth in Chapter 84 of the Texas Civil Practice and Remedies Code applies.

### VII.

Pleading further, Defendants Romero, Gonzalez, Packer, Rivers, and Young would show that they entitled to immunity and the limitation of liability provision set

forth in Article 12 of the Articles of Incorporation of Robinson Ridge Homeowners' Association and Section 5.3 of the Declaration of Covenants, Conditions and Restrictions for Robinson Ridge.

## VIII.

In the alternative, Defendants Romero, Gonzalez, Packer, Rivers, and Young plead the affirmative defense of waiver pursuant to the provisions of Article 12 of the Articles of Incorporation of Robinson Ridge Homeowners' Association and Section 5.3 of the Declaration of Covenants, Conditions and Restrictions for Robinson Ridge.

## IX.

Pleading further, Defendants would show that Plaintiffs' claims with respect to any alleged amendment of the dedicatory instruments occurring in 2017 are barred by the applicable statute of limitations.

## X.

Pleading further, Defendants would show that Plaintiffs' claims for Tortious Interference With Current and Current [sic] Contracts are not particularized or ripe for review and, therefore, not justiciable because Plaintiff have not shown that any provision of any dedicatory instrument has affected the Plaintiffs and to the extent Plaintiffs claims rest upon contingent future events that may not occur as anticipated or may not occur at all.

## XI.

Pleading further, Defendants deny that Plaintiffs are entitled to a declaratory judgment because Plaintiffs claim for declaratory judgment presents no new

controversies apart from what may be asserted as a separate cause of action and is claimed solely as a vehicle for seeking attorney's fees. In the alternative, Defendants seek recovery of reasonable and necessary attorneys' fees that are equitable and just pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

## XII.

Pleading further, Plaintiffs have failed to join as parties all persons who have an interest that would be affected by the declaration sought as required by Section 37.006(a) of the Texas Civil Practice and Remedies Code.

## XIII.

Pleading further, Plaintiffs' claim for injunctive relief is improper because Plaintiffs have failed to properly plead an underlying independent cause of action; have failed to plead a probable right to relief; have failed to plead that an immediate, irreparable injury will occur if injective relief is not granted; have failed to join as parties all persons who have an interest that would be affected by the injunctive relief sought; has failed to properly verify the request for injunctive relief; have failed to state their willingness to post a bond; and cannot show that other remedies at law are inadequate to compensate for any injury that would be sustained.

## XIV.

To the extent Plaintiffs' damages—which Defendants deny—have been or will be paid in settlement with other persons, any amount of damages claimed by Plaintiffs should be reduced accordingly pursuant to the common law and statutory law of Texas, including but not limited to Chapter 33 of the Texas Civil Practice and Remedies Code.

In addition, the comparative fault of all settling parties should be submitted to the jury at the trial of this cause in accordance with the proportionate responsibility laws of Texas, including but not limited to Chapter 33 of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Defendants Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kim Rivers, a/k/a Kimberly S. Wilson, Candiss Young and 4CSons Group, LLC, d/b/a 4Sight Property Management respectfully pray that, upon final trial and hearing hereof, that no recovery be had from them, but that they go hence without day and recover their costs, and for such other and further relief to which they may show themselves to be justly entitled and will ever pray.

> Respectfully submitted,
>
> **TOUCHSTONE, BERNAYS, JOHNSTON, BEALL, SMITH & STOLLENWERCK, LLP**
>
> By: /s/ Christian P. Shippee
> Ronald W. Johnson – 10821800
> Christian P. Shippee – 24033063
> Barry A. McCain – 24092787
> Comerica Bank Tower
> 1717 Main Street, Suite 3400
> Dallas, Texas 75201
> Phone: 214-672-8284
> Fax:  214-259-8784
> ron.johnson@tbjbs.com
> christian.shippee@tbjbs.com
> barry.mccain@tbjbs.com
> COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

This is to certify that on this 7th day of August 2020, a true and correct copy of the foregoing instrument was served on all counsel of record pursuant to the Texas Rules of Civil Procedure.

/s/ Christian P. Shippee
Christian P. Shippee