In the United States District Court
for the Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| Adela Knight, Dan Lewallen, Paul Meyer, Zhihong Tang, *and* Michael Wu, Plaintiffs, | § § § § | |
| v. | § § | |
| Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kim Rivers, a/k/a Kimberly S. Wilson, Candiss Young, *and* 4CSons Group, LLC, d/b/a 4Sight Property Management, Defendants. | § § § § § § § § § § | Civil Action No.: 4:20-cv-624  JURY |

**Defendants' Rule 12(b)(6) Motion to Dismiss with Brief in Support**

To the Honorable Judge of Said Court:

Defendants Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kimberly S. Wilson-Rivers, Candiss Young, and 4CSons Group, LLC d/b/a 4Sight Property Management file this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs have failed to state claims against these Defendants upon which relief may be granted.

## I.    Statement of the Issues

1.    Defendants are entitled to dismissal of all of the claims and causes of action against them because Plaintiffs have failed to plead sufficient facts to support plausible claims upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Defendants move for dismissal on the following grounds:

- Plaintiffs have failed to allege sufficient facts to demonstrate a valid claim for violation of the Fair Housing Act because Plaintiffs have not pleaded any facts to demonstrate a causal connection between the rental rules at issue and the alleged racial disparities alleged in the Complaint. Plaintiffs' allegations do not meet the robust causality standard for a prima facie disparate impact case under the Fair Housing Act.

- Plaintiffs have failed to allege sufficient facts to support their claims for declaratory judgment to rescind the rental rules at issue in this suit, because:

  o Plaintiffs have failed to plead a valid claim that the enactment of the rules violated the Declaration and Texas law without a vote by the Association membership.

  o Plaintiffs have failed to plead a valid claim that the rental rules violate Tex. Prop. Code § 209.016.

  o Plaintiffs have failed to plead a valid claim that the rental rules should be rescinded on the grounds they are arbitrary, vague, and not related to ongoing problems within the community.

  o Plaintiffs have not sufficiently pleaded facts to support their claim that the rental rules should be rescinded because they violate the Declaration due to excessive fines.

  o Plaintiffs may not obtain declaratory relief on the grounds that the rental rules tortiously interfere with their contracts.

Because Plaintiffs have failed to plead valid and plausible claims for declaratory relief, their claims for temporary and permanent injunction should also be dismissed.

- Plaintiffs have failed to plead sufficient facts to support plausible tortious interference of contract claims.

- Plaintiffs have failed to plead sufficient facts to support a plausible negligence claim.

- Plaintiffs have failed to plead sufficient facts to support a plausible civil conspiracy claim.

2.      To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must provide sufficiently detailed factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. A plaintiff must allege facts beyond mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. *Id.* at 555.

3.      The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, a court will not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions…" *Jefferson v. Lead Indus. Assoc., Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). When plaintiffs have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## II.    Plaintiffs' factual allegations

4.      Plaintiffs Adela Knight, Dan Lewallen, Paul Meyer, Zhihong Tang, and Michael Wu are homeowners within the Robinson Ridge residential neighborhood, which is

governed by the Robinson Ridge Homeowners' Association, Inc. *See* Plaintiffs' First Amended Complaint at ¶ 15. In March 2020, the Association's Board of Directors enacted new rules governing the leasing of rental properties in the community. *See* Rental Rules attached to the Complaint at Dkt. 7-1. The rental rules impose restrictions on rentals in the neighborhood in various respects, including by: limiting the total number of rentals in the community to 30% of the neighborhood; imposing tenant qualifications related to criminal history or sex offender registration; prohibiting transient and short-term leases; and requiring landlord owners to memorialize their leases in writing with required lease provisions for the benefit of the community. *Id.* Violating the rental rules may result in fines in the amounts set forth in the rental rules. *Id.*

5.      Plaintiffs allege they are entitled to a declaratory judgment that the rules are "without effect and rescinded." Plaintiffs' First Amended Complaint at ¶ 53. Plaintiffs request that the Court review and rescind the rental rules on the grounds the rules were passed in contravention of the by-laws of the Association and Texas and federal law, that the rules have a disparate impact on minorities and violate housing laws, that the rules violate property owner association laws, that the rules are not reasonably related to resolve any ongoing issue or problem within the community, are vague and arbitrary, and tortiously interfere with the Plaintiffs' prospective business. Plaintiffs' First Amended Complaint at ¶¶ 19, 25-53. In addition to seeking declaratory relief, Plaintiffs seek injunctive relief on a finding that such declaratory relief is warranted.

Plaintiffs' First Amended Complaint at ¶ 65. Plaintiffs have also sued these Defendants for tortious interference with contract, negligence, and common law civil conspiracy.

6.     As explained herein, Plaintiffs have failed to allege facts to state valid claims for relief on the face of their pleading, and consequently, this suit and all causes of action asserted against the Defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6).

### III.     Plaintiffs have failed to plead valid claims upon which relief may be granted.

### A. Plaintiffs have failed to state a valid claim of disparate impact under the Fair Housing Act.

7.     Plaintiffs seek declaratory judgment to rescind the rental rules at issue on the grounds the rules have a disparate impact on minorities, are racist, and violate Section 804 of the Fair Housing Act [42 U.S.C. § 3604]. *See* Plaintiffs' First Amended Petition, at ¶¶ 27, 33. However, Plaintiffs have not alleged sufficient facts to state a claim for relief under the Act because they have not pleaded a prima facie case of disparate impact.

8.     The Fair Housing Act prohibits the "refus[al] to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental or, to otherwise make unavailable or deny, a dwelling to any person because of race." 42 U.S.C. § 3604(a). The Supreme Court of the United States has held that the Fair Housing Act permits disparate-impact claims. *Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 534 (2015). A disparate-impact claim exists where a challenged practice is alleged to have a disproportionately adverse effect on minorities and is

otherwise unjustified by a legitimate rationale. *Inclusive Cmtys.*, 576 U.S. at 524-25, *quoting Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

9.      Disparate-impact claims under the FHA, similar to Title VII employment claims, require a burden-shifting test. *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 901 (5th Cir. 2019). The plaintiff must first prove a prima facie case of discrimination by showing the challenged practice causes a discriminatory effect. *Id.* If the plaintiff makes a prima facie case, the burden shifts to the defendant to prove the challenged practice is necessary to achieve one or more of the defendant's substantial, legitimate, non-discriminatory interests. *Id.* The burden then shifts back to the plaintiff to establish the defendant's interests could be served by another practice with a less discriminatory effect. *Id.* at 901-902.

10.      Both the Supreme Court and the Fifth Circuit have held that a disparate-impact claim under the Fair Housing Act that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity. *Inclusive Cmtys.*, 576 U.S. at 542. The Supreme Court imposes a "robust causality" requirement to ensure that "[r]acial imbalance… does not, without more, establish a prima facie case of disparate impact…." *Id., quoting Wards Cove Packing Co. v. Atonio,* 490 U. S. 642, 653 (1989), *superseded by statute on other grounds*, 42 U.S.C. § 2000e-2(k). This robust causality requirement "protects defendants from being held liable for racial disparities they did not create." *Id.* Disparate-impact liability is not intended "to be so expansive as to inject racial considerations into every housing decision." *Id.* at 543.

11.     A plaintiff who fails to either allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection between the challenged policy and the racial disparity cannot establish a prima facie case of disparate impact, and consequently the burden does not shift to the defendant. *Id.* at 540-42; *see also, Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.,* 920 F.3d 890, 906 (5th Cir. 2019); *Inclusive Cmtys. Project, Inc. v. Heartland Cmty. Ass'n,* No. 19-10991, 2020 U.S. App. LEXIS 25228, at *17 (5th Cir. Aug. 10, 2020). In the Fifth Circuit, robust causation requires evidence or pleadings of a change in the defendant's enforcement of a policy that caused a disparate impact, or of a challenged policy that caused the relevant minority group to be the dominant group of those affected by the policy. *Heartland Cmty. Ass'n,* 2020 U.S. App. LEXIS 25228, at *17; *Lincoln Prop. Co.,* 920 F.3d at 906. It is therefore not sufficient to complain that a policy will or may have a disparate impact on minorities merely by alleging statistics about racial minorities.

12.     Plaintiffs complain that the rental rules arbitrarily limit opportunities to rent to minorities, limit minority access to homes in the neighborhood, and adversely affect young minorities who statistically rent in higher numbers than older non-minorities. Plaintiffs' First Amended Complaint at ¶ 30, 32. Plaintiffs offer no statistical information to support these conclusory allegations. Plaintiffs do include allegations of statistical disparities that exist completely independently of the rental rules at issue, but such allegations are not sufficient to meet the robust causality requirement. *Heartland Cmty. Ass'n,* 2020 U.S. App. LEXIS 25228, at *17; *Lincoln Prop. Co.,* 920 F.3d at 906. For example, Plaintiffs' Complaint includes statistics regarding incarceration rates and illicit drug

usage of minorities (namely African-Americans and Hispanics) compared to those of white people in order to demonstrate that the tenant qualifications unfairly discriminate against minorities. *See* Plaintiffs' First Amended Complaint at ¶ 38. However, outside of these bare statistical allegations, Plaintiffs have failed to plead any causal connection between the facially neutral rental rules and their allegedly discriminatory effect.

13.     Plaintiffs offer no statistics to demonstrate how or whether the rules cause minorities to be the dominant group of those affected by the rules, or how the rules limit minorities' access to the Robinson Ridge neighborhood. Rather, Plaintiffs cite only to statistics that bear no relationship to the Robinson Ridge community, because the Plaintiffs' statistical allegations are not geographically limited to Robinson Ridge, Little Elm, or Denton County, and because the statistics relate to data that preexisted the enactment of the rental rules. *Inclusive Cmtys. Project, Inc. v. Heartland Cmty. Ass'n,* 399 F. Supp. 3d 657, 668 (N.D. Tex. Aug. 7, 2019) (Lindsay, J.), *aff'd by Heartland Cmty. Ass'n,* 2020 U.S. App. LEXIS 25228. For example, Plaintiffs cite to nationwide incarceration statistics from 2014, and nationwide statistics about drug use and health from 2015; these statistics are based on data compiled more than 5 years before the rental rules were enacted and pertaining to geographic regions unrelated to Robinson Ridge. Plaintiffs' First Amended Complaint at ¶ 38. These statistics therefore do not make it plausible that the Association's enforcement of the rental rules has caused or will cause a disparate impact on racial minorities. *Heartland Cmty. Ass'n,* 399 F. Supp. 3d at 668. These statistics also do not make it plausible that the rental rules caused racial

minorities to be the dominant group of individuals impacted by the enforcement of the rental rules. *Lincoln Prop. Co.,* 920 F.3d at 907.

14.     None of the Plaintiffs' statistics or allegations demonstrate facts showing either the Robinson Ridge neighborhood's racial composition before the rental rules were enacted or how that composition changed, if at all, since the policy was implemented. *Lincoln Prop. Co.,* 920 F.3d at 907. Compared to the statistical allegations offered in the *Lincoln Prop. Co.* and *Heartland* cases, which allegations were found insufficient by the 5th Circuit, the Plaintiffs have not met their pleading burden. Plaintiffs have failed to provide sufficient factual allegations to make a plausible prima facie case of disparate impact, and their allegations and claims for declaratory relief based on the FHA or violation of federal law or housing laws must be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**B.  Plaintiffs have failed to state a valid claim for declaratory judgment relief.**

**1.  Plaintiffs have not sufficiently pleaded facts to support their claims that the rental rules violated state law and the Association's Declaration by failing to obtain a vote from the Association's members.**

15.     Plaintiffs contend they are entitled to declaratory judgment to rescind the rental rules because the rental rules amend the Declaration without sufficient votes from the Association members, in violation of both the Declaration and Tex. Prop. Code § 209.0041(h). Plaintiffs' First Amended Complaint at ¶¶ 21-23, 25. Plaintiffs have attached the rental rules at issue to their Complaint. Dkt. 7-1, at pp. 1-12. The documents filed by the Association with the Denton County Clerk state that the Board of Directors voted upon and passed the Rules and Regulations as authorized by the

Association's bylaws and the Declaration. Dkt. 7-1 at p. 5 of 12 ("NOW, THEREFORE, the Association adopts these Rules and Regulations Governing Leasing and Rental Properties of the Association which shall read as follows:…"). Both the cited provision in the Declaration and Tex. Prop. Code § 209.0041(h) require a 67% vote of the property owners in the Association to change the Declaration, not to enact rules or regulations. Tex. Prop. Code § 209.0041(h) ("…a declaration may be amended only by a vote of 67 percent of the total votes allocated to property owners entitled to vote on the amendment of the declaration…"); Article XI 11.2 Amendments to Declaration, cited at ¶ 25 of Plaintiffs' First Amended Complaint. Plaintiffs have therefore failed to plead a plausible claim that the enactment of the Rules in question required any vote of the Association's members under either the Declaration or Tex. Prop. Code § 209.0041(h), and their request for declaratory relief on this basis should be dismissed.

### 2. Plaintiffs have not sufficiently pleaded facts to support their claim that the rental rules violate Texas Property Code § 209.016

16. Plaintiffs seek declaratory judgment that the rental rules in question should be rescinded because they allegedly violate Texas property owners' association laws, including Tex. Prop. Code § 209.016. Plaintiffs' First Amended Complaint at ¶¶ 42-45. Section 209.016 prohibits an association from adopting or enforcing a provision in a dedicatory instrument that requires a lease or rental applicant or a tenant to be submitted to and approved for tenancy by the property owners' association. Tex. Prop. Code § 209.016. Plaintiffs contend this statute has been violated because the rental rules require leases and tenants to be screened by the Board before the lease could be entered

into. Plaintiffs' First Amended Complaint at ¶ 42. There is no rental rule, however, that requires the leases or tenants to be screened by the Board or the Association in violation of § 209.016. Dkt. 7-1. Rather, as shown on the face of the rental rules attached to the Complaint, the rules require the landlords, not the Board, to screen the tenants. Dkt. 7-1 at p. 11 of 12, sec. 3.0(b) ("All current and future owners, residents, guests and invitees understand and agree that the Association and its Directors, Officers, Representatives, Agents, Employees and Attorneys have no obligations to, and will not take any affirmative action to, perform any checks or investigations to determine if owners, occupants or tenants have Criminal Background.") The rules allow for the Association to impose a $250.00 fine on any landlord who enters into a lease with a tenant whose background does not comply with the tenant qualifications in the rental rules. Dkt. 7-1 at p. 9 of 12, sec. 1.9(d). This rule does not require that the Board screen rental applicants, because the Board does not become involved until the tenancy has been established, which is not prohibited involvement under the plain language of Tex. Prop. Code § 209.016. *See also* Dkt. 7-1 at pp. 6-7 of 12, sec. 1.3(c), 1.5(a). The Plaintiffs' claim for declaratory relief based on an alleged violation of this Texas statute should therefore be dismissed for failure to state a claim upon which relief may be granted.

### 3. Plaintiffs have failed to plead a valid claim that the rental rules should be rescinded on the grounds they are arbitrary, vague, and not related to ongoing problems in the community.

17.     Plaintiffs generally contend they are entitled to declaratory relief to rescind the rental rules because the rules are arbitrary, vague, and are not related to ongoing problems within the community. Under Texas law, an exercise of discretionary

authority by a property owners' association concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory. Tex. Prop. Code § 202.004(a). The rules and restrictions in the rental rules at issue are restrictive covenants subject to § 202.004. Tex. Prop. Code § 202.001(1), (4).

18.     As explained above, Plaintiffs have not offered sufficient allegations to establish a prima facie case that the rental rules are discriminatory. Plaintiffs have not made any allegations that the Association's actions with respect to the rental rules were capricious.

19.     The Plaintiffs have alleged that the rental rules should be rescinded because one of the rules is allegedly arbitrary, but Plaintiffs have failed to plead sufficient facts to support this claim. The only rule or action by the Association or Board that Plaintiffs identify as arbitrary is the 30% cap on total rentals in the community. Plaintiffs' First Amended Complaint at ¶ 30. Plaintiffs have failed to allege any facts to support their conclusory allegation that the 30% cap is arbitrary, other than the conclusory statement that the Association failed to share with homeowners information suggesting that the rate is ideal for Robinson Ridge, as well as the Plaintiffs' reference to the rental rate in the City of Killeen. Plaintiffs' First Amended Complaint at ¶¶ 29-30. There are no allegations that the Association lacked authority under the Declaration to impose the cap, and there are no allegations that the cap was limited or restricted by a maximum amount within the Declaration. And the City of Killeen rental rate has no bearing whatsoever on this case, which involves rental restrictions in a deed-restricted

community in Denton Count, not municipal rental or housing patterns in an entire city over 175 miles away. Because Plaintiffs have failed to plead sufficient facts to overcome the statutory presumption that the Association's actions in enacting the rules were reasonable, Plaintiffs have failed to state a plausible claim for declaratory relief seeking to rescind the rental rules on the basis that the 30% cap was arbitrary.

20.     Plaintiffs complain that the Court should rescind the rental rules because they prevent owners from listing or renting their homes as short-term rentals through AirBNB or Vacation by Owner. Plaintiffs' First Amended Complaint at ¶ 46. Plaintiffs do not specifically allege this rule is arbitrary or offer a factual basis for why this rule should be rescinded, other than the allegation that the rule was enacted without a finding that transient or short-term rentals cause a problem and without adequate notice to the members of the Association. *Id.* Because the Plaintiffs have not alleged that this particular rule is arbitrary, capricious, or discriminatory, it is presumed reasonable, and consequently Plaintiffs cannot obtain a declaratory judgment to rescind this rule based on the insufficient factual allegations pleaded. Tex. Prop. Code § 202.004(a). Defendants are therefore entitled to dismissal of the claim for declaratory relief on this basis.

21.     Plaintiffs complain that both this short-term rental rule and the 30% rental cap rule were not reasonably related to any ongoing issues or problems within the community. Plaintiffs' First Amended Complaint at ¶¶ 18, 29, 46, 53. But Plaintiffs offer no legal or factual allegation to explain why the Association's rules could only be enacted to address ongoing problems. Under Texas law, without a showing that the

restrictive covenants were arbitrary, capricious, or discriminatory, such restrictive covenants are presumed reasonable, even if they were not passed to resolve an ongoing problem. Tex. Prop. Code. § 202.004.

22.     In addition, Plaintiffs contend as a basis for declaratory relief that the rental rules are not enforceable because they are vague. Plaintiffs' Amended Complaint at ¶¶ 18, 47, 48, 53. Vagueness is not a complaint that overcomes the statutory presumption that the Association's actions with respect to restrictive covenants are reasonable. Tex. Prop. Code § 202.004. Plaintiffs have therefore failed to plead a valid claim for declaratory relief based on vagueness allegations, and Defendants are entitled to dismissal of such claims against them.

### 4.  Plaintiffs have not sufficiently pleaded facts to support their claim that the rental rules violate the Declaration due to excessive fines.

23.     Plaintiffs contend that they are entitled to declaratory judgment to rescind the rental rules as unenforceable because the fines set forth in the rules violate the Declaration and Tex. Prop. Code § 209.006. Plaintiffs' First Amended Complaint at ¶¶ 49-51. Plaintiffs have failed to state sufficient facts to plead a plausible claim for relief.

24.     As alleged by Plaintiffs, Tex. Prop. Code § 209.006 mandates that a property owners' association such as Robinson Ridge Homeowners' Association gives written notice before levying a fine. Plaintiffs' First Amended Complaint at ¶ 51. The declaratory relief sought in this suit, however, is not based on the levying of any fine. Rather, Plaintiffs seek to rescind the rules setting the amount of the fine, which is not the same thing as seeking declaratory relief to interpret or construe the propriety of the

procedural action of actually levying or imposing a fine after a violation. Seeking rescission of the rule on the grounds that the rule governing the amount of the fine violates § 209.006 without any allegation that a violation has occurred or a fine has been levied is tantamount to seeking an advisory opinion before any facts have come into existence to warrant judicial action. But the declaratory judgment act is not a vehicle for advisory opinions. *Southwestern Power Co. v. Lynch,* 595 S.W.3d 678, 683-84 (Tex. 2020). A suit for declaratory relief must involve a ripe controversy. *Id.* at 684. While there may be a ripe controversy over whether the rental rules are valid or enforceable, such controversy does not arise out of whether the rules violate Tex. Prop. Code § 209.006, a statute that governs procedural actions rather than fine amounts. Plaintiffs have therefore failed to state a plausible claim for relief based on their allegation that the rules should be rescinded based on Tex. Prop. Code § 209.006.

25.     Plaintiffs also make the conclusory allegation that the Declaration does not allow for the fines because the fine amounts far outweigh any type of expenses that may be incurred by the HOA in violation of Article 5.10(a). Plaintiffs' First Amended Complaint at ¶¶ 49-51. The enacting language filed with the rules recites Article 5.10(a) of the Declaration, which provides that "the Board of Directors may impose reasonable monetary fines which shall constitute a lien upon the Owner of the Lot related to or connected with the alleged violation." Dkt. 7-1 at p. 5 of 12. There is no factual allegation that the Declaration imposes a limit on the amount of a fine beyond the term "reasonable," and there are no factual allegations offered by the Plaintiffs beyond conclusory and unsubstantiated statements that the fines are excessive. Plaintiffs have

therefore failed to plead sufficient facts to make a plausible claim for declaratory relief that the rules should be rescinded based on the amounts of the monetary fines set forth in the rental rules.

### 5. Plaintiffs may not obtain declaratory relief on the grounds that the rental rules tortiously interfere with their contracts.

26.     Plaintiffs also seek to rescind the rental rules on the ground they tortiously interfere with the Plaintiffs' prospective business. Plaintiffs' First Amended Complaint at ¶ 18, 53. As explained below, Plaintiffs have failed to allege sufficient facts to state a plausible claim for relief based on the tortious interference with contract cause of action. But in addition, Plaintiffs cannot recover declaratory judgment relief based on tortious interference with contract because such claim is duplicative of their tort cause of action. Simply repleading a claim as one for declaratory judgment cannot serve as a basis for attorneys' fees, and a declaratory judgment claim must do more than merely duplicate the issues litigated via the Plaintiffs' other contract or tort claims. *Etan Indus., Inc. v. Lehmann,* 359 S.W.3d 620, 624 (Tex. 2011). Defendants are therefore entitled to dismissal of the Plaintiffs' claims for declaratory judgment based on the allegations that the rental rules tortiously interfered with their business contracts.

### C. Plaintiffs have failed to state a valid claim for tortious interference with contracts.

27.     Plaintiffs have also failed to state a claim upon which relief may be granted with respect to their tortious interference causes of action. To establish a claim for tortious interference with existing contracts, a plaintiff must establish: (1) that contracts existed that were subject to interference; (2) the defendant willfully and intentionally

committed acts of interference; (3) the defendant's acts proximately caused damages; and (4) actual damages. *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 774 (S.D. Tex. 2010); *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 926 (Tex. 1993). Plaintiffs have failed to allege facts identifying any existing contracts that have allegedly been interfered with, how the alleged interference proximately caused injury to these Plaintiffs, or any actual damage or loss incurred as a result of such alleged tortious interference. Plaintiffs have not pleaded sufficient facts to demonstrate that the actions by the Association and its Board were tortious. Plaintiffs have not even pleaded that each is a landlord or lessor in the Robinson Ridge landlord. *See* Plaintiffs' First Amended Complaint at ¶ 54 ("Some of the Plaintiffs have leases and will seek leases"). Plaintiffs' formulaic recitation of the elements of a tortious interference of contract claim is insufficient to state a plausible claim upon which relief may be granted. *Twombly,* 550 U.S. at 555.

28.     Plaintiffs' claim for tortious interference with future contracts fails for the same reasons. To prove tortious inference with future contracts, a plaintiff must establish: (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference. *Faucette v. Chantos*, 322 S.W.3d 901, 914 (Tex. App.—Houston [14th Dist.]

2010); *Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F.Supp.2d 680, 696 (S.D. Tex. 2011).

29.    Plaintiffs have not identified or specifically alleged which future contracts, if any, have been affected by the new rules. Furthermore, there are no allegations detailing how enactment of these rules constitutes an independently tortious or unlawful act by Defendants. While Plaintiffs allege prospective tenants would theoretically have to be subjected to impermissible scrutiny and delay, they offer no factual support for such theoretical possibilities. Rather, Plaintiffs' Complaint merely recites the elements of this cause of action without sufficient facts, which is not enough to meet the plausibility standard. *Twombly,* 550 U.S. at 555. For all these reasons, Plaintiffs have failed to state claims for tortious interference with existing and future contracts.

### D.  Plaintiffs have failed to state a valid claim for negligence.

30.    Plaintiffs' Complaint alleges that Defendants owed Plaintiffs a duty to act as a reasonable homeowners' board would, that Defendants "violated that duty many times over," and that this alleged violation proximately caused Plaintiffs' damages. Plaintiffs' First Amended Complaint at ¶ 63. Plaintiffs' negligence allegation is nothing more than a mere recitation of the elements of a negligence cause of action, which is not sufficient to meet the plausibility pleading standard. *Twombly,* 550 U.S. 555.

31.    Although Plaintiffs fail to specify the basis for their alleged tort damages, the Complaint as a whole insinuates that Plaintiffs anticipate potential losses both resulting from the inability to lease properties and stemming from fines and penalties imposed by the Association. Generally, in the absence of privity of contract and accompanying

personal injury or property damage, a plaintiff cannot recover for purely economic losses resulting from another's negligence. *Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*, 29 S.W.3d 282, 287-88 (Tex. App.—Houston [14th dist.] 2000, no pet); *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 241-44 (Tex. 2014) (recognizing that Texas courts do not allow the recovery of purely economic losses based on negligent performance of services). Plaintiffs have not pleaded personal injury or property damage. Therefore, any alleged losses incurred by Plaintiffs are purely economic in nature, and their claims are barred by the economic loss rule. *Id.* Consequently, Plaintiffs have failed to state a valid claim of negligence because they cannot recover any economic losses or damages by way of their negligence tort theory. Defendants are therefore entitled to dismissal of Plaintiffs' negligence cause of action.

### E.  Plaintiffs have failed to state a valid claim for civil conspiracy.

32.     Plaintiffs have asserted a common law civil conspiracy claim against Defendants. The essential elements of civil conspiracy claim are ( 1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996), *citing Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

33.     Because civil conspiracy is a derivative tort, Plaintiffs' failure to state a substantive claim for tortious interference requires dismissal of their conspiracy claim. *Duzich v. Advantage Fin. Corp.*, 424 F.Supp.2d 910, 915 (S.D. Tex. 2003). Additionally, Plaintiffs have failed to properly allege sufficient facts to support a plausible claim for

civil conspiracy over and above a mere recitation of the tort's elements. *Twombly*, 550 U.S. at 555. Plaintiffs have not pleaded factual allegations to support any meeting of the minds between the Defendants, nor have they specified the unlawful, overt acts that allegedly occurred. Defendants are therefore entitled to dismissal of Plaintiffs' tortious interference with contract claim.

### IV.   Conclusion and Relief Requested

34.     For all the reasons stated in this Motion, Defendants move that the Court dismiss all of Plaintiffs' claims and causes of action against Defendants for failure to state a claim for relief. Fed. R. Civ. P. 12(b)(6). Because Plaintiffs were already given the opportunity to re-plead in this Court after the case was removed from state court, Defendants request that the Court dismiss the claims instead of granting leave to the Plaintiffs to make another attempt to replead.

35.     Defendants Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kim Rivers, a/k/a Kimberly S. Wilson, and Candiss Young, and 4CSons Group, LLC d/b/a 4Sight Property Management move that all of the claims asserted against them by Plaintiffs be dismissed for failure to state a claim for relief, and for such other and further relief to which Defendants may show themselves justly entitled.

Respectfully submitted,

**Touchstone, Bernays, Johnston, Beall, Smith & Stollenwerck, LLP**

By: /s/ Amie P. Fordan
    Christian P. Shippee – 24033063
    Ronald W. Johnson – 10821800
    Amie P. Fordan - 24036580
    Comerica Bank Tower
    1717 Main Street, Suite 3400
    Dallas, Texas 75201
    Phone: 214-672-8284
    Fax:  214-259-8784
    christian.shippee@tbjbs.com
    ron.johnson@tbjbs.com
    amie.fordan@tbjbs.com
Counsel for Defendants

### Certificate of Service

    This is to certify that on this 8th day of October 2020, a true and correct copy of the foregoing instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

        /s/ Amie P. Fordan
        Amie P. Fordan