In the United States District Court
for the Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| Adela Knight, Dan Lewallen, Paul Meyer, Zhihong Tang, *and* Michael Wu, Plaintiffs, | § § § § | |
| v. | § § | |
| Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kim Rivers, a/k/a Kimberly S. Wilson, Candiss Young, *and* 4CSons Group, LLC, d/b/a 4Sight Property Management, Defendants. | § § § § § § § § § § | Civil Action No.: 4:20-cv-624<br><br>JURY |

**Defendants Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kimberly S. Wilson-Rivers, Candiss Young and 4CSons Group, LLC, d/b/a 4Sight Property Management's Answer to Plaintiffs' First Amended Complaint [Dkt. 7], Subject to their Rule 12(b)(6) Motion to Dismiss**

Subject to their Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) on October 8, 2020 [Dkt. 10], Defendants Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kimberly S. Wilson-Rivers (Kim Rivers, a/k/a Kimberly S. Wilson), Candiss Young and 4CSons Group, LLC, d/b/a 4Sight Property Management (collectively referred to herein as Defendants) file this Answer to Plaintiffs' First Amended Complaint [Dkt. 7], and would respectfully show unto this Honorable Court the following:

**I.   Original Answer to First Amended Complaint
Subject to Rule 12(b)(6) Motion to Dismiss**

Subject to and without waiving the 12(b)(6) defenses asserted in their Motion to

Dismiss, Defendants answer Plaintiffs' First Amended Complaint as follows:

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in Paragraph 1 of Plaintiffs' First Amended Complaint.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in Paragraph 2 of the Plaintiffs' First Amended Complaint.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in Paragraph 3 of the Plaintiffs' First Amended Complaint.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in Paragraph 4 of the Plaintiffs' First Amended Complaint.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in Paragraph 5 of the Plaintiffs' First Amended Complaint.

6. Defendants admit the statements and allegations in Paragraph 6 of the Plaintiffs' First Amended Complaint.

7. Defendants admit the statements and allegations in Paragraph 7 of the Plaintiffs' First Amended Complaint.

8. Defendants admit the statements and allegations in Paragraph 8 of the Plaintiffs' First Amended Complaint.

9. Defendants admit the statements and allegations in Paragraph 9 of the Plaintiffs' First Amended Complaint.

10. Defendants admit the statements and allegations in Paragraph 10 of the Plaintiffs' First Amended Complaint and herein clarify that Defendant's full name is Kimberly S. Wilson-Rivers.

11.     Defendants admit the statements and allegations in Paragraph 11 of the Plaintiffs' First Amended Complaint.

12.     Defendants admit the statements and allegations in Paragraph 12 of the Plaintiffs' First Amended Complaint.

13.     In response to Paragraph 13 of Plaintiffs' First Amended Complaint, Defendants admit that venue is proper in this District and do not contest venue.

14.     In response to Paragraph 14 of Plaintiffs' First Amended Complaint, Defendants admit the Court has jurisdiction because a question of federal law exists in this lawsuit. Defendants admit this Court may exercise personal jurisdiction over them because they are residents of or are doing business in the State of Texas. While Defendants deny Plaintiffs are entitled to damages in this suit, Defendants lack sufficient knowledge to admit or deny whether the damages sought are within the jurisdictional limits of this Court.

15.     Defendants admit the statements and allegations in Paragraph 15 of the Plaintiffs' First Amended Complaint.

16.     Defendants admit the statements and allegations in Paragraph 16 of the Plaintiffs' First Amended Complaint.

17.     In response to Paragraph 17 of Plaintiffs' First Amended Complaint, Defendants admit that Defendant Alex Romero signed the Certificate for Recordation of Dedicatory Instrument of Robinson Ridge Homeowners' Association, Inc. and the Rules and Regulations Governing Leasing and Rental Properties Robinson Ridge Homeowners' Association, Inc., which documents are attached to the Plaintiffs' First Amended

Complaint as Exhibit A. Defendants admit that the documents attached as Exhibit A to the Plaintiffs' First Amended Complaint were subsequently recorded in the real property records of Denton County, Texas. Defendants deny all of the remaining statements and allegations in Paragraph 17 of the Plaintiffs' First Amended Complaint.

18.     Defendants deny all of the statements and allegations in Paragraph 18 of the Plaintiffs' First Amended Complaint.

19.     In response to Paragraph 19, Defendants admit that Defendants Romero, Gonzalez, Packer, Wilson-Rivers, and Young are Robinson Ridge Homeowners' Association board members who all voted to pass the Rules at issue in this lawsuit. Defendants deny all other statements and allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint.

20.     Defendants deny all of the statements and allegations in Paragraphs 20, 21, 22, 23, 24, 25, 26, and 27 of Plaintiffs' First Amended Complaint.

21.     Defendants admit the statement in Paragraph 28 of the Plaintiffs' First Amended Complaint.

22.     In response to Paragraph 29 of Plaintiffs' First Amended Complaint, Defendants admit that no report was shared with homeowners suggesting that a maximum rental rate of 30% is ideal for the RRHA. Defendants lack sufficient knowledge to admit or deny the statements that the 30% rate is well below several averages in Texas or that Killeen Texas has a rental rate of 56% of properties. Defendants deny all other statements and allegations in Paragraph 29 of Plaintiffs' First Amended Complaint.

23. Defendants deny all of the statements and allegations in Paragraph 30 of Plaintiffs' First Amended Complaint.

24. Defendants lack sufficient knowledge to admit or deny the statements in Paragraph 31 of Plaintiffs' First Amended Complaint.

25. Defendants deny all of the statements and allegations in Paragraphs 32, 33, 34, 35, 36, and 37 of Plaintiffs' First Amended Complaint.

26. Defendants lack sufficient knowledge to admit or deny the statements in Paragraph 38 of Plaintiffs' First Amended Complaint.

27. Defendants deny all of the statements and allegations in Paragraphs 39, 40, 41, 42, 43, 44, and 45 of Plaintiffs' First Amended Complaint.

28. In response to Paragraph 46 of Plaintiffs' First Amended Complaint, Defendants admit the Rules at issue in this lawsuit prevent property owners in Robinson Ridge Homeowners Association from listing and renting their homes on Airbnb. Defendants deny all of the other statements and allegations in Paragraph 46 of Plaintiffs' First Amended Complaint.

29. Defendants deny all of the statements and allegations in Paragraphs 47, 48, 49, 50, 51, and 52 of Plaintiffs' First Amended Complaint.

30. Defendants deny all of the statements and allegations in Paragraph 53 of Plaintiffs' First Amended Complaint.

31. Defendants deny all of the statements and allegations in Paragraphs 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 of Plaintiffs' First Amended Complaint.

32. Defendants deny Plaintiffs are entitled to a temporary injunction or a permanent injunction in this matter and deny all of the other statements and allegations in paragraph 65 of Plaintiffs' First Amended Complaint.

33. Defendants deny all of the allegations in Paragraph 66 of Plaintiffs' First Amended Complaint.

34. Paragraph 67 of Plaintiffs' First Amended Complaint contains a request for attorneys' fees under Chapter 37 of the Texas Civil Practice & Remedies Code. Defendants deny Plaintiffs are entitled to attorneys' fees under Chapter 37 of the Texas Civil Practices and Remedies Code as requested in Paragraph 67 of Plaintiffs' First Amended Complaint, and deny all of the other statements and allegations in paragraph 67 of Plaintiffs' First Amended Complaint.

35. Paragraph 68 of Plaintiffs' First Amended Complaint contains a request for a jury trial that need not be admitted or denied. Defendants demand a trial by jury of all triable issues in this suit.

36. Defendants deny Plaintiffs are entitled to any relief sought in this action as alleged and requested in Paragraph 69 of Plaintiffs' First Amended Complaint and asks the Court to deny all of the relief requested by the Plaintiffs. Defendants deny all of the other statements and allegations in paragraph 69 of Plaintiffs' First Amended Complaint.

## II. General Denial

37. Defendants deny all statements and allegations made by Plaintiffs in their First Amended Complaint that have not been specifically admitted, denied, or otherwise responded to in this Answer.

## III. Affirmative Defenses

**First Defense: Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)) for all claims**

38. Pursuant to Rule 12(b)(6), and as set forth in their Motion to Dismiss [Dkt. 10], Defendants allege that Plaintiffs failed to state a claim upon which relief can be granted with respect to Plaintiffs' declaratory judgment cause of action, claim for injunctive relief, and tort causes of action for tortious interference with contract, negligence, and civil conspiracy. Plaintiffs failed to plead sufficient facts to allege plausible claims for relief and failed to allege valid claims for relief upon which they may recover declaratory, injunctive, or monetary relief.

**Second Defense: Necessity to achieve substantial, legitimate, nondiscriminatory interest in defense of Fair Housing Act disparate-impact claim**

39. With respect to Plaintiffs' claim for declaratory judgment to rescind the rental rules in question on the grounds they are discriminatory and violate the Fair Housing Act at 42 U.S.C. 3604, Defendants allege that Plaintiffs cannot establish their prima facie case of disparate impact under the Fair Housing Act because they have failed to plead sufficient facts to meet the robust causality requirement for such a claim. In addition, Defendants would show that the individual Board Members of Defendant Robinson Ridge Homeowners' Association, Inc., including Defendants Romero, Gonzalez, Wilson-Rivers, Packer, and Young, in the reasonable exercise of their discretion and on

behalf of the Association, voted to enact the rental rules at issue in this suit for the benefit of all of the homeowners in the Robinson Ridge community. Defendants would show that the rental rules that Plaintiffs contend violate the Fair Housing Act were necessary to achieve one or more substantial, legitimate, and nondiscriminatory interest of the Association.

### Third Defense: Justification

40. Defendants would show that their alleged conduct, if any, was based on the exercise of their legal rights or a good-faith claim to colorable legal right and, therefore, Defendants assert the affirmative defense of justification. Defendants would show that the Declaration of Covenants, Condition and Restrictions for Robinson Ridge, at Article II, Section 2.1, vests authority in the Association to establish and publish rules and regulations governing the use of the Common Areas and/or the Lots, and at Article V, Section 5.2, vests authority in the Board of Directors to conduct the affairs of the Association. Article III, Section 3.1 of the Bylaws of the Robinson Ridge Homeowners' Association, Inc. also vested the Board of Directors with the authority to govern the affairs of the Association. The Association, acting through Board members Romero, Gonzalez, Packer, Wilson-Rivers, and Young, acted with legal authority granted by the Declaration for Robinson Ridge to enact the rental rules and regulations governing the use of the lots in the community. The enactment and filing of the rental rules by the Association, acting through its Board members, were performed in good faith and for the benefit of all of the members of the Association, which consists of all homeowners in the Robinson Ridge community.

### Fourth Defense: Immunity for Board Members and Officers
### (Defendants Romero, Gonzalez, Packer, Wilson-Rivers, and Young only)

41.     At all times relevant to the Plaintiffs' causes of action in this suit, Defendants Romero, Gonzalez, Packer, Wilson-Rivers, and Young have been duly-elected Board members of the Robinson Ridge Homeowners' Association, Inc. All alleged acts or omissions by these Board members of the Association with respect to the voting, enactment, and enforcement of the rental rules in question were exercised in good faith, with ordinary care, and in a manner that each of these Board member Defendants believed to be in the best interests of the Association. These Defendants, as Board members and officers in the Association, a Texas non-profit corporation subject to the Texas Non-Profit Corporations Act, would show that they are entitled to immunity pursuant to § 22.235 of the Texas Business Organizations Code, which provides that an officer is not liable to the corporation or any other person for an action taken or omission made by the officer in the person's capacity as an officer unless the conduct was not exercised in good faith, with ordinary care, and in a manner the officer reasonably believes to be in the best interest of the corporation.

### Fifth Defense: Immunity under Restrictive Covenants
### and Association's Articles of Incorporation
### (Defendants Romero, Gonzalez, Packer, Wilson-Rivers, and Young only)

42.     Defendants Romero, Gonzalez, Packer, Wilson-Rivers, and Young would show that they are entitled to immunity and the limitation of liability provisions set forth in Article 12 of the Articles of Incorporation of Robinson Ridge Homeowners' Association, Inc. and Section 5.3 of the Declaration of Covenants, Conditions and Restrictions for

Robinson Ridge for alleged acts or omissions at issue in this suit performed in their roles as Board members of the Association.

### Sixth Defense: Statute of Limitations

43.     To the extent that Plaintiffs assert any claim in this suit based on the Bylaws Amendment that was enacted and filed in 2017, Defendants would show that any such claim arising in tort is barred by the applicable statute of limitations.

### Seventh Defense: Claims not Ripe

44.     Defendants would show that Plaintiffs' claims for tortious interference with contract are not particularized or ripe for review and, therefore, not justiciable because Plaintiffs have not shown that any provision of any dedicatory instrument has affected the Plaintiffs, and on the grounds Plaintiffs' claims rest upon contingent future events that may not occur as anticipated or may not occur at all.

### Eighth Defense: No Right to Declaratory Relief

45.     Defendants deny that Plaintiffs are entitled to a declaratory judgment because Plaintiffs' claim for declaratory relief presents no new controversies apart from what may be asserted as a separate cause of action and is claimed solely as a vehicle for seeking attorney's fees. In the alternative, in the event Defendants' Rule 12(b)(6) Motion is denied and Plaintiffs are permitted to proceed with their claim for declaratory judgment, Defendants seek recovery of reasonable and necessary attorneys' fees that are equitable and just pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code. In addition, Defendants plead that Plaintiffs have failed to join as parties all

persons who have an interest that would be affected by the declaration sought as required by Section 37.006(a) of the Texas Civil Practice and Remedies Code.

### Ninth Defense: No Right to Injunctive Relief.

46. Defendants would show that Plaintiffs' claim for injunctive relief is improper because Plaintiffs have failed to properly plead an underlying independent cause of action, have failed to plead a probable right to relief, have failed to plead that an immediate, irreparable injury will occur if injunctive relief is not granted, have failed to join as parties all persons who have an interest that would be affected by the injunctive relief sought, have failed to properly verify the request for injunctive relief, have failed to state their willingness to post a bond, and cannot show that other remedies at law are inadequate to compensate for any injury that would be sustained.

### IV. Conclusion and Prayer

Defendants Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kimberly S. Wilson-Rivers (Kim Rivers, a/k/a Kimberly S. Wilson), Candiss Young and 4CSons Group, LLC, d/b/a 4Sight Property Management respectfully request this Court grant their Rule 12(b)(6) Motion to Dismiss for failure to state a claim. In the alternative should that Motion be denied in whole or in part, the Defendants request that this Court deny the relief sought by Plaintiffs Adela Knight, Dan Lewallen, Paul Meyer, Zhihong Tang, and Michael Wu by way of their claims and causes of action upon final trial and hearing hereof, and for such other and further relief to which they may show themselves to be justly entitled and will ever pray.

Respectfully submitted,

**Touchstone, Bernays, Johnston, Beall, Smith & Stollenwerck, LLP**

By: /s/ Amie P. Fordan
    Christian P. Shippee – 24033063
    *Lead Attorney*
    Ronald W. Johnson – 10821800
    Amie P. Fordan - 24036580
    Comerica Bank Tower
    1717 Main Street, Suite 3400
    Dallas, Texas 75201
    Phone: 214-672-8219
    Fax:  214-741-7548
    christian.shippee@tbjbs.com
    ron.johnson@tbjbs.com
    amie.fordan@tbjbs.com
Counsel for Defendants

**Certificate of Service**

This is to certify that on this 8th day of October 2020, a true and correct copy of the foregoing instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ Amie P. Fordan
Amie P. Fordan