# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ADELA KNIGHT, DAN LEWALLEN, PAUL MEYER, ZHIGONG TANG, and MICHAEL WU<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBINSON RIDGE HOMEOWNERS' ASSOCIATION, INC., ALEX ROMERO, BEN (BENITO) GONZALEZ, KACIE PACKER, KIM RIVERS a/k/a KIMBERLY S. WILSON, CANDISS YOUNG, and 4CSONS GROUP, LLC d/b/a 4SIGHT PROPERTY MANAGEMENT,<br><br>*Defendants.* | Civil Action No. 4:20-CV-00624<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss. (Dkt. #10). Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs should be given leave to amend their complaint, and the Motion should be denied as moot subject to reinstatement.

### BACKGROUND

Plaintiffs Adela Knight, Dan Lewallen, Paul Meyer, Zhigong Tang, and Michael Wu are individuals who own property in Denton County, Texas. On June 26, 2020, Plaintiffs filed their original petition in state court against Robinson Ridge Homeowners' Association, Inc., Alex Romero, Ben (Benito) Gonzalez, Kacie Packer, Kim Rivers a/k/a Kimberly S. Wilson, Candiss Young, and 4Csons Group, LLC d/b/a 4Sight Property Management.

On August 14, 2020, Defendants filed a notice of removal, and Plaintiffs filed an amended complaint on September 18, 2020. In their amended complaint, Plaintiffs alleged that on March 16, 2020, defendant Alex Romero signed and recorded in the real property records of Denton County, Texas, a document titled "Rules and Regulations Governing Leasing and Rental Properties Robinson Ridge Homeowners' Association, Inc." ("Rules"), and that the rules "were improperly passed, are improper on their face, have a disparate impact on minorities, violate housing laws, violate property owner association laws, are not reasonably related to resolve any ongoing issue or problem within the community, are vague and arbitrary, and tortuously interfere with prospective business of Plaintiffs." (Dkt. #7 at pp. 3-4). Plaintiffs allege the alterations to the Rules require Home Owners' Association member vote and that "[t]he Rules have a disparate impact on minorities and are racist." (Dkt. #7 at p. 5). Specifically, Plaintiffs are seeking declaratory judgment that "the Rules are without effect and are rescinded," (Dkt. #7 at p. 8), and present claims for tortious interference with contracts, negligence, and common law civil conspiracy. (Dkt. #7 at pp. 9-10). To support their claims, Plaintiffs assert the Rules "arbitrarily limit[] opportunities to rent to minorities. . . ," "prohibit the leasing to a tenant who has almost any criminal record. . . ," "require leases and tenants [to] be screened by the Board before a lease could be entered into. . . ," and "prevent owners . . . from listing and renting their home on Air BNB, or at home or Vacation by Owner. . . ." (Dkt. #7 pp. 5-7).

On October 8, 2020, Defendants filed this Motion to Dismiss claiming Plaintiffs failed to state any claims upon which relief may be granted, and Plaintiffs responded to the Motion on October 29, 2020.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the complaint, amended complaint, motion to dismiss, response, and supplemental authorities, the Court finds that Plaintiffs should be given leave to amend their complaint to plead facts with more specificity and to allege facts that support the robust causality requirement required at the prima facie stage for their Fair Housing Act claims.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. #10) is hereby **DENIED as moot** subject to reinstatement if no amended complaint is filed by December 4, 2020.

**SIGNED this 20th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE